IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CONSTRUCTION INDUSTRY<br>LABORERS PENSION FUND,<br>a Trust Fund, et al., | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. 4:15-cv-00083-SRB |
| EXPLOSIVE CONTRACTORS, INC., | )<br>)<br>) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Dismiss Defendant's Counterclaim (Doc. #27). For the reasons stated below, the motion is GRANTED.

### I. Background

Plaintiffs filed their Complaint against Defendant Explosive Contractors, Inc. on February 2, 2015, for delinquent withdrawal liability in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381, *et seq*. On August 5, 2015, Defendant filed its Counterclaim for an Accounting "[p]er Missouri law" seeking "an accounting of any allocation formulas and methodology used in calculating the alleged withdrawal liability . . . the alleged liquidated damages and alleged interest owed[.]" (Doc. #26, ¶¶ 7, 8). Plaintiff filed the instant motion to dismiss on August 26, 2015, arguing that the single, state-law claim in Defendant's Counterclaim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as preempted by ERISA.

### II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows causes of action to be dismissed for "failure to state a claim upon which relief can be granted." In evaluating claims challenged

under this rule, courts must accept all well-pled allegations as true. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009) ("Because this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we assume the truth of the facts as alleged in petitioners' complaint."). Allegations representing "legal conclusions or 'formulaic recitation of the elements of a cause of action' . . . may be properly set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Pleadings do "not require 'detailed factual allegations,'" but must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011) (holding that dismissal of an action was appropriate when the "complaint merely alleged, but did not show, that [plaintiff was] entitled to relief" and did not permit the court to "infer more than the mere possibility of misconduct"). "The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (internal citations omitted).

The "evaluation of a complaint upon a motion to dismiss is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden*, 588 F.3d at 594 (internal citations omitted). A claim may not be dismissed, however, simply because the judge disbelieves the allegations or finds the likelihood of recovery remote. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.

### III. Discussion

"In enacting ERISA, Congress provided that the Act 'shall supersede any and all State laws insofar as they may now or hereafter relate to any [non-exempt] employee benefit plan described in section 1003(a) of this title . . . .'" *Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund, et al. v. Bhd. Labor Leasing, MFI, et al.*, 950 F. Supp. 1454, 1460 (E.D. Mo. 1996) (finding state-law counterclaims in withdrawal liability action preempted by ERISA) (citing 29 U.S.C. § 1144(a)). "[ERISA's] express preemption provision 'is conspicuous for its breadth' . . . [and] . . . 'was designed to establish pension plan regulation as exclusively a federal concern.'" *Pharmacia Corp. Supplemental Pension Plan, et al. v. Weldon, M.D.*, No. 4:14-CV-1498-CDP, 2015 WL 5021889, at *9 (E.D. Mo. Aug. 24, 2015) (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990)). "A state law relates to an ERISA plan for purposes of § 1114(a) 'if it [1] has a connection with or [2] reference to such a plan.'" *Id.* (citing *California Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.*, 519 U.S. 316, 324 (1997)).

A state law of general application will be found to have "a connection with" an ERISA plan upon consideration of "whether the state law: (1) negates an ERISA plan provision; (2) affects relations between primary ERISA entities; (3) impacts the structure of ERISA plans; (4) impacts the administration of ERISA plans; (5) has an economic impact on ERISA plans; (6) is consistent with other ERISA provisions; and (7) is an exercise of traditional state power." *Pharmacia Corp.*, 2015 WL 5021889, at *9 (citing *Arkansas Blue Cross and Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1344-45 (8th Cir. 1991)). Defendant's accounting counterclaim, at the very least, impacts the administration of an ERISA plan and would have an economic impact on an ERISA plan and is, therefore, preempted. *See Moore v. R.T.L. Const.,*

3

*Inc.*, Civil No. 09-3178, 2010 WL 2521733, at *3 (D. Minn. June 16, 2010) (dismissing state-law counterclaim for constructive trust and accounting as preempted by ERISA because counterclaim was "premised on the existence of the Plan, . . . [was] connected to the administration of the Plan, and specifically reference[d] the Plan"); *see also Pharmacia Corp.*, 2015 WL 5021889, at *10 (dismissing state-law claim for conversion, accounting and restitution as preempted by ERISA because claim "would have serious implications for the relationship between primary ERISA entities" and any resolution would "have an economic impact on the Plan").

Notably, in its response to Plaintiffs' motion, Defendant does not argue that ERISA preemption does not apply to the state-law claim. Rather, Defendant argues it can maintain its accounting counterclaim under ERISA. Defendant cites to 29 U.S.C. § 1451(a)(1), which provides in relevant part, "A plan . . . employer . . . who is adversely affected by the act or omission of any party under this subtitle with respect to a multiemployer plan . . . may bring an action for appropriate legal or equitable relief, or both." Plaintiff counters that a dispute over the calculation of withdrawal liability is subject to mandatory arbitration, and Defendant failed to initiate arbitration within the timeframe allowed by ERISA.

The parties' positions highlight that the Court cannot at this stage and based on the Counterclaim as currently drafted, resolve whether Defendant can state a claim for accounting under ERISA. The Counterclaim presently before the Court is based solely on state law and nowhere mentions the right Defendant claims in its response, *i.e.* that 29 U.S.C. § 1451(a)(1) allows Defendant to pursue its counterclaim for accounting. As stated by the *Pharmacia Corp.* court in similar circumstances, "It is not the Court's role to fashion [a party's] claims for them." 2015 WL 5021889, at *8 (dismissing party's state-law claims as preempted and refusing to

4

consider whether claims could be maintained under ERISA where party did not explicitly state that claims were alternatively brought under state-law and ERISA).

## IV. Conclusion

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Motion to Dismiss Defendant's Counterclaim (Doc. #27) is GRANTED.

IT IS SO ORDERED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2015